## DEBAILLON vs. PONSONY.

An appeal lies from the refusal to set aside a writ of sequestration.

It cannot issue on an affidavit that the defendant intends to remove his property out of the parish

The term *jurisdiction of a court* in relation to place means the limits within which its original process extends, not where its writ of execution may run.

APPEAL from the court of probates of St. Landry.

PORTER, J. delivered the opinion of the court. This appeal is taken from a refusal of the judge *a quo* to set aside a writ of sequestration, and the first question presented is, whether the decision be such a one as will authorise an appeal to this court.

We are of opinion that it does. This writ has a most extensive application, and under it the whole of a man's estate may be seized. If wrongfully sued, it might work his ruin. The possession and use of the property of the defendant may be necessary to the maintenance of his credit;—to the performance of his obliga-

tions to others :—nay, to the very existence of himself and family.  A judgment rendered in his favor after years of litigation, restoring to him this property, would come too late to afford a remedy.  The injury done might be irreparable.  We cannot distinguish this case from that of *Lecesne* vs. *Cottin,* cited in argument. 10 *Martin* 174.

We have next to inquire whether the court below committed any error in its judgment. Many grounds of reversal have been alleged here.  The opinion we have formed on one of them renders it unnecessary to examine the others.

The code of practice provides " that a creditor by special mortgage shall have the power of sequestering the mortgaged property, when he apprehends that it will be removed out of the state "   *C. Prac.* 275.

The act of 1826 which amended this code, declares, " that in addition to the cases mentioned in articles 274 and 275, the plaintiff may obtain a sequestration in all cases where he has a lien or privilege on property, on complying with the requisites provided by law." *Acts of* 1826, 170, *sect.* 9.

The claim set up by the plaintiff is, of that

kind for which the amendment just quoted provides. The requisites necessary to obtain it, we understand to be the same as those required for obtaining the writ on a special mortgage. The act of the legislature only extends the cases where the writ may issue, but makes no change in regard to the affidavit and security.

The defendant contends, the affidavit was not such a one as the law requires.

That part of it in relation to the intention of the defendant to abscond, is in these words, "That the defendant John Ponsony, left the state of Louisiana about two years since, without having rendered any account of the administration of the minor's property : that the said John Ponsony, has attempted by a fraudulent and collusive sale, to remove all his property without the parish of St. Landry, and to place it beyond the control of the said minors ; and for the purpose it is believed of preventing their claim, as set forth in the petition, from being paid : that said John Ponsony, though lately returned to the parish, has no permanent or fixed residence within it : and this deponent verily believes, that without the aid of the writ of sequestration prayed for, the said

West'n Dis'ct
*August*, 1826.

DEBAILLON
*vs.*
PONSONY.

John Ponsony will remove his property beyond the jurisdiction of the court of probates of the parish of St. Landry, before in the ordinary course of proceeding, judgment can be had against him, and execution issued thereon."

The affidavit contains no allegation that the defendant is about to remove his property out of the state, as the law requires it should. It alleges that he is about to remove it out of the parish of St. Landry, and beyond the jurisdiction of the court of probates of said parish. The assertion contained in this oath would be satisfied if the defendant only moved into the next parish. The plaintiff has contended, that as the writ of execution runs all over the state, and as the affidavit avers that the property is about to be removed out of the jurisdiction of the court, *it must be held to mean*, a removal out of the state. But to this argument we cannot assent, and there are several satisfactory answers to it. In the first place, the "jurisdiction of a court" in legal language does not mean the space of country over which its writs of execution run, but the limits within which its original process extends. Thus the Code of Practice in defining it states,

DEBAILLON
vs.
PONSONY.

that the word, as it respects place, " means
the space or extent of country over which the
judge is entitled to exercise the power of judg-
ing. *C. Pr c* 76. Again, the writ of execu-
tion from the court of probates cannot run
over the state, as is the case with that which
the district or parish courts may issue. And
lastly, were we even to admit that jurisdiction
*quaod* the writ of execution, may mean to the
limits of the state, the plaintiff by connecting
with it the averment " out of the Parish of
St. Landry," renders it quite doubtful if he
did not use the words in relation to the ex-
tent of that parish, and the affidavit should not
be doubtful, but clear. The remedy by se-
questration, like that of attachment, is one of
great severity, and the party claiming the
benefit of it should bring himself clearly with-
in the law. The language of the statute is
plain, and if the truth of the case had permit-
ted the assertion, the plaintiff could have
easily said the defendant intended to remove
out of the state. The presumption therefore,
is, that the facts did not authorise such an al-
legation. That if they had, the plaintiff would
not have left that to be *inferred*, which might
have been so easily *expressed*. We do not

believe the plaintiff intended to swear the defendant was about to remove out of the state. If he was charged with having sworn so in a court of criminal judicature, we are certain that no such charge could be maintained.— We therefore feel bound to say, that the affidavit is defective: that the writ issued improvidently, and that it must be set aside.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the writ of sequestration be set aside and the property seized under it be released, that the cause be remanded to be proceeded in according to law, and that the appellee pay the cost of this appeal.

*Todd* for the plaintiff, *Garland* & *Simon* & *Markham* for the defendant.